ALBERT HESSELBACHER v. THOMAS S. SPRAGUE AND JOSEPH S. VISGER.

*Lis pendens—Discharge—Rights of purchaser pendente lite.*

One member of a firm, formed for the purpose of dealing in lands, filed a bill for an accounting of the partnership affairs. Before the termination of the suit, the defendant sold certain lands, the title to which, as alleged in the bill, was held by the defendant for the benefit of the copartnership, to a third party. The purchaser filed a bill to discharge the *lis pendens* filed at the commencement of the suit for an accounting, and which covered the lands in question, as constituting a cloud upon his title. And it is held that the suit cannot be maintained.

Appeal from Wayne. (Lillibridge, J.) Argued January 11, 1895. Decided February 26, 1895.

Bill to require defendant Sprague to discharge a *lis pendens*. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*John H. Bissell,* for complainant.

*George W. Radford* and *Edward A. Barnes,* for defendant Sprague.

MONTGOMERY, J. This is an appeal from the circuit court for the county of Wayne, in chancery. A bill was filed by complainant praying for a decree requiring de-

fendant Sprague to vacate and discharge from the record in the office of the register of deeds a *lis pendens* filed December 1, 1891, giving notice of a suit pending between defendant Sprague as complainant and Visger as defendant for a copartnership accounting, and affecting the lands in question. The present case was heard on pleadings and proofs, the bill dismissed, and complainant appeals.

It appears that Sprague and Visger, in June, 1890, formed a copartnership for the purpose of dealing in lands. Before the formation of this copartnership, Visger and Sprague, with two other parties, Downie and Yemans, had made a contract with one Julia F. Owen, by which they, as real-estate agents, undertook to sell the land described in the bill, for the profit of both parties to the contract. The title to the land remained in Mrs. Owen. A price was fixed upon the land, which was to be paid to Mrs. Owen, with interest and expenses; and the proceeds of the sale above these items were to be considered as profits and divided into two parts, one of which should go to Mrs. Owen and the other to Visger, Sprague, Downie, and Yemans. In April, 1891, Downie, Yemans, and Sprague assigned their interest in the contract to Visger. Negotiations were subsequently opened by Visger with Hesselbacher, who finally purchased the land for $94,000. At this price there was a profit on the sale of $34,458.54, one-half of which would go to Visger, as assignee of Sprague, Downie, and Yemans. Before the sale to Hesselbacher, Sprague and Visger quitclaimed to Mrs. Owen. On November 23, 1891, complainant purchased the lands in question of Mrs. Owen. By the purchase Hesselbacher took a half interest in the contract, and Visger also agreed to take a half interest, and to advance $10,000 of the purchase price. Visger did not have $10,000 in cash to make this payment, but offered to turn in some real estate which stood in his name, but which Sprague claims was copartnership

property. This was taken at a valuation of $10,500, but with the understanding between Visger and Mrs. Owen that he would receive back the same real estate at the same price, to apply on the profits to be paid him. Hessel-bacher made his first payment on the contract with Mrs. Owen, and then immediately assigned a half interest in the contract to defendant Visger, Mrs. Owen assenting to the assignment.

On December 1, 1891, Sprague filed his bill in the Wayne circuit, in chancery, against Visger, asking for an accounting of the partnership affairs of Visger and Sprague, setting out the partnership agreement, and alleging that "Visger now holds, for the benefit of the said copartner-ship, either the legal title, or some other title or interest, in the following pieces or parcels of land, all in the county of Wayne," describing them, and including the land in question. A *lis pendens* was filed on the same date, and subsequently an agreement was entered into between the complainant and defendant Sprague, by the terms of which Sprague agreed to give quitclaim deeds for lots as they were sold, upon the condition that the proceeds all be applied upon the purchase of the tract; and releases were made under this agreement by Sprague, and lots sold to the amount of $40,000.

The bill alleges that "on the 23d day of November, 1891, complainant sold and assigned for a valuable con-sideration one undivided half of his interest under said contract [referring to the contract between the complainant and Mrs. Owen] to the defendant Joseph S. Visger," and that "subsequently, in November, 1892, said defendant Visger resold and assigned to complainant his entire right in said land contract for a valuable consideration, then paid; and complainant is now the sole owner of said land contract, and all rights in said lands under it."

The complainant, on the trial, gave testimony tending

to show that at the time of the sale to Visger of the undivided half interest in the contract, in November, 1891, it was agreed that complainant should have the option of repurchasing such interest at any time within one year by paying $10,000 therefor; but this fact is not set out in the bill, so that complainant's right must depend upon the question whether he had a right, after the filing of the *lis pendens* by defendant Sprague, to purchase Visger's interest, and apply to a court for a discharge of the *lis pendens*, for the reason that it constituted a cloud upon his title. We think he had no such right. We do not undertake to determine, nor has the defendant Sprague, by his line of testimony, undertaken to litigate, the question of the equities between himself and Visger. The attitude which the complainant occupies is that of a purchaser of land after the filing of a *lis pendens* and before the termination of the suit.

It is contended by the complainant that at the time of the purchase from Mrs. Owen, by reason of the quitclaim deed from Sprague and Visger to Mrs. Owen, the land was cleared of all equities in Sprague's favor. However this may be, it did not prevent an attaching of equities upon the acquisition of an interest in the land by Visger, acting for the copartnership; and upon the case made by the bill, if such a right did attach,—and that is the question to be litigated in the suit between Sprague and Visger,—the complainant, by his repurchase in November, 1892, was a purchaser *pendente lite*, and nothing more.

It is also contended by complainant that Visger's only interest in the land was by way of lien or equitable mortgage for the money advanced by him to Hesselbacher towards the first payment; but it is sufficient answer to say that this averment is inconsistent with the bill.

It is also contended that defendant Sprague has not prosecuted his suit against Visger with sufficient diligence,

but we think this statement is not sustained by the proofs.

On the whole case, the decree should be affirmed, with costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.